Defendant’s motion for rehearing, pursuant to Rule 151, is in response to the court’s order of May 25, 1982 (unreported), denying defendant’s unopposed motion for summary judgment. Upon. reconsideration of defendant’s affidavits and plaintiffs complete failure to oppose, object, or respond, we hereby vacate our order of May 25, 1982, grant rehearing, grant defendant’s motion for summary judgment, and dismiss the petition.
This claim is before us directly under § 10(a)(1) of the Contract Disputes Act of 1978, Pub. L. No. 95-563, 92 Stat. 2383 (1978), presently 41 U.S.C. §601 et seq. (Supp. III, 1979).
Under this bid contract, the plaintiff was to carry mail by truck. Plaintiff also was to provide standby vehicles in case the primary vehicles broke down. Plaintiff, during the first months of the contract, provided standby equipment by leasing additional trucks on a temporary basis whenever needed. This arrangement, however, proved unsatisfactory. Delays resulted when leased standby equipment could not *864 be obtained or broke down. Plaintiff eventually was told the temporary leasing of standby trucks was unacceptable absent some certainty of availability and dependability. Plaintiff interpreted this as an order to buy another vehicle, which it did in April 1979 for $8,200. Plaintiff thereafter requested that the contracting officer increase its annual compensation so that the vehicle’s purchase price could be recovered over the remaining contract period. That request apparently was denied by the contracting officer as undocumented. Plaintiff now brings suit to recover the entire purchase price of the vehicle.
The Government argues that the claim was barred by the contract provision prohibiting changes in fixed costs. The Government relies on General Provision 11(a)(3)(c) of the contract, which provides:
(c) Fixed and Operational Cost
No increase in fixed costs will be allowed during the term of this contract in excess of increases in the pertinent Consumer Price Index unless such increases in fixed costs result from service changes, or the enactment of a statute or ordinance, or the adoption of lawful regulations by any Federal, State, or local agency.
General Provision 11(a)(3)(c), the Government contends, "specifically prohibits changes in fixed costs which are not the result of service changes or changes in law.”
Furthermore, the Government argues that the claim is unsubstantiated in fact since the plaintiff was never instructed to purchase an additional vehicle. Defendant submitted sworn affidavits of the contracting officer and a highway transportation specialist stating that the alleged statements requiring plaintiff to purchase an additional vehicle were not made.
Summary judgment is appropriate where the pleadings, depositions, admissions on file, and affidavits show no genuine issues as to material facts exist. Rule 101(d). Plaintiff has not made any response to the motion for summary judgment. Nor has plaintiff attempted to challenge the accuracy of defendant’s supporting affidavits. Plaintiffs inaction requires us to accept the affidavits as true.
*865 Plaintiffs claim is based upon alleged representation by the contracting officer to purchase an additional vehicle. The affidavits establish that such representations were not made. Rule 101(f) allows summary judgment if the moving party supports his motion with affidavits and the opposing party fails to show there is a genuine issue of fact for trial. Plaintiffs silence compels us to conclude that such representations were not made, thereby rendering plaintiffs claim to be without a factual basis. Since the claim lacks a factual basis, inquiry into the pertinent Consumer Price Index during the contract period is unnecessary. Since no genuine issues for trial remain, summary judgment for the defendant is appropriate. Rule 101(f).
it is therefore ordered that defendant’s motion for summary judgment is granted and the petition in the instant case hereby dismissed.